## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BARRY A. BROWN,** | § | |
| **No. 1031586,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **V.** | § | **CIVIL NO. SA-15-CA-123-XR** |
| | § | |
| **BEXAR COUNTY HOSPITAL DISTRICT** | § | |
| **D/B/A UNIVERSITY HEALTH SYSTEM,** | § | |
| **and BEXAR COUNTY,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Barry A. Brown, currently an inmate at the Bexar County Adult Detention Center ("BCADC"), filed this civil rights action pursuant to 42 U.S.C. Section 1983 naming as defendants the University Health System and Bexar County Jail[1] and alleging he received inadequate medical care for several decaying teeth which Plaintiff alleges should have been pulled months ago. For the reasons set forth below, Defendants' motions to dismiss for failure to state a claim for relief will be granted.

### I. Background

Plaintiff filed this Section 1983 civil rights lawsuit on February 13, 2015 (ECF no. 1), naming as defendants the University Health System and Bexar County Jail and alleging that (1) a

---

[1] Plaintiff has failed to allege any specific facts showing final Bexar County policymakers have ever authorized the "Bexar County Jail" to enjoy a jural existence separate and apart from Bexar County, Texas. Thus, by naming the Bexar County Jail as a defendant in this lawsuit, Plaintiff has effectively brought suit against Bexar County, Texas. *See Darby v. Pasadena Police Department*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").

dental assistant at the Bexar County Adult detention Center refused to permit plaintiff to be seen by a dentist and insisted plaintiff be placed on a waiting list when plaintiff appeared at the dental clinic with swelling on both sides of his mouth as a result of decaying teeth, (2) plaintiff filed a grievance with BCADC officials, and (3) after a delay of approximately thirty days, during which plaintiff alleges he was in severe pain, plaintiff was seen by a dentist who examined and treated plaintiff.[2]

On April 7, 2015, defendant Bexar County Hospital District d/b/a University Health Systems filed a motion to dismiss plaintiff's claims pursuant to Rule 12(b)(6), FED.R.CIV.P., arguing (1) plaintiff has failed to allege any specific facts showing it was guilty of anything more than mere negligence, which is not actionable under Section 1983, (2) the Hospital District could not be held liable vicariously for the allegedly wrongful action of its dental assistant employee, and (3) Plaintiff failed to allege any facts showing his injuries were caused by a policy, custom, or practice, attributable to final County policymakers (ECF no. 10).  On June 8, 2015 (ECF no. 17), plaintiff filed an opposition to the motion to dismiss in which Plaintiff merely reiterated the same allegations contained in his original complaint.

On May 6, 2015, Bexar County filed a motion to dismiss, also pursuant to Rule 12(b)(6), FED.R.CIV.P., arguing (1) the Bexar County Jail is not a legal entity separate and apart from Bexar County, (2) Plaintiff alleged no facts showing the County had displayed deliberate indifference to any of Plaintiff's serious medical needs, and (3) the County could not be held vicariously liable for the allegedly wrongful actions of a dental assistant (ECF no. 14).  On June 15, 2015 (ECF no. 18),

---

[2] Plaintiff does not allege that any of his teeth were extracted during his second visit to the BCADC dental clinic.  In fact, Plaintiff's pleadings to date do not include any specific factual allegations regarding what treatment, if any, Plaintiff received after he was examined by a dentist following the filing of Plaintiff's grievance.

plaintiff filed a response to this defendant's motion to dismiss in which plaintiff once again merely reiterated the same allegations contained in his original complaint.

## II. Standard for Review Under Rule 12(b)(6)

The pleading standard set forth in Rule 8(a)(2), FED.R.CIV.P., (which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief") does not require detailed factual allegations but it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949; *Central States, Southeast and Southwest Areas Health and Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, 756 F.3d 356, 360 (5th Cir. 2014).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949; *Whitley v. Hanna*,  726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1935, 188 L. Ed. 2d 960 (2014).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555, 127 S. Ct. at 1965; *Central States, Southeast and Southwest Areas Health and Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, 756 F.3d at 360.  A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do.  *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65.  Nor does a

complaint suffice if it renders "naked assertions" devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966.

### III. <u>Section 1983 Generally</u>

42 U.S.C. Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of federal statutory and constitutional rights. *Sepulvado v. Jindal*, 729 F.3d 413, 420 n.17 (5th Cir. 2013), *cert. denied,* ___ U.S.  ___*,* 134 S. Ct. 1789 (2014); *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).  There are two essential elements to a Section 1983 action: (1) the conduct in question must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of a right secured by the Constitution or the laws of the United States. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1935, 188 L. Ed. 2d 960 (2014); *Romano v. Greenstein*, 721 F.3d 373, 377 (5th Cir. 2013).  Finally, mere negligence by a state official does not give rise to Section 1983 liability. *Daniels v. Williams*, 474 U.S. 327, 332-35 (1986).

While Plaintiff did identify in his original complaint a person acting under color of state law, i.e., dental assistant Rose M. Rodriguez, as having allegedly violated Plaintiff's federal constitutional rights, he did not name Rodriguez as a defendants in this Section 1983 lawsuit.  Instead, Plaintiff seeks to recover monetary damages from Rodriguez's employer and a supervising state subdivision.

### IV.  <u>No Vicarious Liability Under Section 1983</u>

Plaintiff has named as defendants the Bexar County Hospital District d/b/a University Health Systems and Bexar County, Texas.  While Plaintiff does allege that a dental assistant refused to permit him to be examined by a dentist on one occasion, i.e., on December 3, 2014, Plaintiff has not

alleged any facts showing this dental assistant has ever exercised final policymaking authority on behalf of either Bexar County or the Bexar County Hospital District.

Vicarious liability does not apply to Section 1983 claims. *See Connick v. Thompson*, 131 S. Ct. 1350 (2011) (municipality could not be held liable under section 1983 absent proof its failure to adequately train its employees rose to the level of deliberate indifference to the rights of its citizens); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior); Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978) (a local government may not be sued under § 1983 for injury inflicted solely by its non-policymaking employees or agents).   Under Section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability; the doctrine of *respondeat superior* does not apply to such actions. *See Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (under Section 1983, a government official may be held liable solely for his own conduct).   Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under Section 1983. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'"); *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 169 (5th Cir. 2010) ("To support a supervisory liability claim, the misconduct of a subordinate must be conclusively linked to the action or inaction of the supervisor."), *cert. denied*, ___ U.S. ___, 131 S. Ct. 3059 (2011).

Generally, a supervisor may be held liable only if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the

supervisor's wrongful conduct and the constitutional violation, such as where the supervisor implemented or enforced unconstitutional policies which actually resulted in the plaintiff's injuries. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).  A supervisor may be held personally liable for inadequate supervision or a failure to train subordinates only where the failure to train or supervise amounts to deliberate indifference and is a proximate cause of a constitutional violation.  *See Porter v. Epps*, 659 F.3d at 446 ("A supervisor may also be liable for failure to supervise or train if: '(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'"); *Brown v. Callahan*, 623 F.3d 249, 254 n.1 (5th Cir. 2010) (supervisor may be held liable under Section 1983 for failure to train or supervise subordinates if (1) the supervisor failed to train or supervise, (2) a causal link exists between the failure and violation of plaintiff's rights, and (3) the failure to train or supervise amounts to deliberate indifference), *cert. denied*, ___ U.S. ___, 131 S. Ct. 2932 (2011).  Merely negligent or incompetent supervision cannot form a basis for liability under Section 1983; the supervisor's actions or inactions must rise to the level of "deliberate indifference." *See Porter v. Epps*, 659 F.3d at 446 ("'In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates.'" (*quoting Gates v. Texas Dep't of Prof. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)).

> "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, — U.S. -—, 131 S. Ct. 1350, 1360, 179 L. Ed. 2d 417 (2011) (internal

quotation marks omitted, alteration in original) (quoting *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 409, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)).  To establish that a state actor disregarded a known or obvious consequence of his actions, there must be "actual or constructive notice" "that a particular omission in their training program causes...employees to violate citizens' constitutional rights" and the actor nevertheless "choose[s] to retain that program." *Id.* (citing *Bryan Cnty.,* 520 U.S. at 407, 117 S. Ct. 1382).  "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference," because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.*

*Porter v. Epps*, 659 F.3d at 446-47.

Even assuming that the conduct of dental assistant Rodriguez on December 3, 2014 violated Plaintiff's federal constitutional rights, Plaintiff has alleged no specific facts showing the Bexar County Hospital District or Bexar County, Texas had any knowledge of a pattern of improper conduct on the part of this dental assistants or any other employees of the BCADC's medical unit.

## V. <u>Municipal Liability Under Section 1983</u>

Plaintiff's original complaint names the University Health System and the Bexar County as the only defendants but alleges no specific facts showing that any alleged injury to Plaintiff or alleged violation of Plaintiff's federal constitutional rights was actually caused by an official policy, procedure, practice, or custom attributable to Bexar County.  In order to recover a judgment against a local governmental entity under Section 1983, a plaintiff must establish that he sustained a deprivation of constitutional or other federally-protected rights as a result of some official policy, practice, or custom of that governmental entity.  *Board of County Commissioners, Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403-04, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997); *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir.

2004) (holding that, for a municipality to be liable on account of its policy, the plaintiff must show among other things, either (1) the policy itself violated federal law or authorized or directed deprivation of federal rights or (2) the policy was adopted or maintained by the municipality's policymakers with deliberate indifference as to its known or obvious consequences).  Although occasionally referred to as if they were three distinct creatures, a local governmental entity's official "policies," "practices," and "customs" are really three different terms for those actions which sufficiently bear the imprimatur of a governmental entity's final policy-makers to justify holding the governmental entity responsible therefor.  *Board of County Commissioners, Bryan County, Oklahoma v. Brown*, 520 U.S. at 404-05 (holding only *deliberate* conduct by a municipality which actually causes an injury is compensable under Section 1983).

An official "policy" is most commonly defined as a policy statement, ordinance, regulation, or decision that is officially adopted or promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy making authority. *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (defining "municipal policy," in part, as a "policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority); *In re Foust*, 310 F.3d 849, 861 (5th Cir. 2002) (holding a "formal policy" is a "statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policymaking authority").  A municipal "policy" must be a "deliberate and conscious choice" by a municipal policy-maker.  *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Pembauer v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (*plurality*).  Whereas, an official "custom"

or "practice" is most commonly defined as a "persistent, widespread practice of municipal officials or employees," which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy; actual or constructive knowledge of such custom or practice must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. *Bishop v. Arcuri*, 674 F.3d 456, 467 (5th Cir. 2012) ("The City's 'official policies,' however, include any 'persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'"); *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d at 309 (holding municipal policies include persistent, widespread practices of municipal officials or employees which, although not authorized by officially adopted and promulgated policy, are so common and well settled as to constitute a custom that fairly represents municipal policy; actual or constructive knowledge of such customs must be attributable to the municipality's governing body or to an official to whom that body has delegated policy-making authority).

In *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978), the Supreme Court held that a governmental entity can be found liable under Section 1983 only if the entity itself causes the constitutional violation at issue. *Monell v. Department of Social Services of the City of New York*, 436 U.S. at 690-91 ; *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 91 (5th Cir. 1992). *Respondeat superior* or vicarious liability is not a basis for recovery under Section 1983. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 122 (1992); *Monell v. Department of Social Services of the City of New York*, 436 U.S. at 691-94.

Plaintiff does not allege any specific facts showing there was a "persistent, widespread practice" of Bexar County or Bexar County Hospital District officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy and this persistent, widespread practice resulted in a violation of Plaintiff's federal constitutional rights.  In fact, other than the delay he allegedly suffered in obtaining treatment, Plaintiff identifies no other instance in which any BCADC inmate has ever been denied or delayed adequate dental treatment for any medical or dental condition.  In sum, Plaintiff has failed to allege that any injury he sustained because of the actions of the dental assistant on December 3, 2014 was the product of any official policy, practice, or custom attributable to Bexar County or Bexar County Hospital District policymakers.

### VI. Complaints of Inadequate Medical Care

The Due Process Clause of the Fourteenth Amendment accords pretrial detainees rights not enjoyed by convicted inmates under the Eighth Amendment prohibition against cruel and unusual punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979).  The critical distinction between prisoners and pretrial detainees requires this Court determine whether a particular condition or restriction of pretrial detention was reasonably related to a legitimate governmental objective; if it was, it did not, without more, amount to punishment.  *Bell v. Wolfish*, 441 U.S. at 539, 99 S. Ct. at 1874; *Cupit v. Jones*, 835 F.2d 82, 85 (5th Cir. 1987).

"A pretrial detainee's right to medical care is violated if 'an officer acts with deliberate indifference to a substantial risk of serious medical harm and resulting injuries.'" *Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011); *Mace v. City of Palestine*, 333 F.3d 621, 625-26 (5th Cir. 2003).

The standard for review of the quality and character of the medical care received by a pretrial detainee under the Due Process Clause of the Fourteenth Amendment is whether the pretrial detainee received reasonable medical care, unless the failure to supply such care was reasonably related to a legitimate governmental objective. *Hare v. City of Corinth*, 135 F.3d 320, 327 (5th Cir. 1998); *Nerren v. Livingston Police Department*, 86 F.3d 469, 473-74 (5th Cir. 1996).

The Fifth Circuit has held that a pretrial detainee's due process right to medical care is violated by a state official's episodic act or omission if the official acts with subjective deliberate indifference to the detainee's rights. *Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011) ("To show subjective deliberate indifference, a plaintiff must present evidence: (1) that each defendant had subjective knowledge of 'facts from which an inference of substantial risk of serious harm could be drawn,' (2) that each defendant actually drew that inference; and (3) that each defendant's response to the risk indicates that the appellee 'subjectively intended that harm occur.'"); *Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009) (holding the same). The Fifth Circuit has defined "subjective deliberate indifference" as subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999); *Sibley v. Lemaire*, 184 F.3d 481, 489 (5th Cir. 1999), *cert. denied*, 529 U.S. 1019 (2000). Put more simply, the pretrial detainee must show the state official knew of and disregarded an excessive risk to the inmate's health or safety. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Deliberate indifference in this context is more than mere negligence in failing to supply medical treatment; likewise, disagreement with medical treatment alone cannot support a claim under Section 1983. *Mace v. City of Palestine*, 333 F.3d at 626 (holding officer must have a

subjective intent to cause harm); *Gibbs v. Grimmette*, 254 F.3d at 549-50 (holding a Sheriff's refusal to order a tuberculosis skin test for a pretrial detainee who had not been exposed to an active TB case was not deliberate indifference even though convicted prisoners received such tests annually pursuant to state law).

Plaintiff has not alleged any specific facts showing that any of the named defendants, i.e. Bexar County or the Bexar County Hospital District, engaged in an official policy, practice, or custom of permitting their employees to engage in subjective deliberate indifference to a substantial risk of serious medical harm. Even assuming that the actions of dental assistant Rodriguez on December 3, 2014 rose to this level of subjective deliberate indifference, Plaintiff has not alleged any facts showing the actions of dental assistant Rodriguez on that date were the product of an official policy, practice, or custom attributable to County or District policymakers.

While both defendants request dismissal of Plaintiff's claims with prejudice, dismissal without prejudice is the proper remedy where, as here, the Court cannot say as a matter of law that Plaintiff cannot allege any set of facts supporting a causal link between County or District policy and the alleged violation of Plaintiff's federal constitutional rights; this Court merely holds Plaintiff has not done so in the complaint filed in this case. *See Piotrowski v. City of Houston*, 51 F.3d 512, 518 n. 14 (5th Cir. 1995) ("We dismiss without prejudice because we cannot say as a matter of law that Piotrowski cannot allege any set of facts supporting a causal link between a City policy and the alleged increased danger; we merely hold that she has not done so in the complaint filed in this case. *See Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 715 (5th Cir.1994) (dismissing § 1983 suit without prejudice where no policy alleged but no limitations bar to amended complaint)). Had the Defendants wished to obtain dismissals of the Plaintiff's claims against them

with prejudice, they could have chosen to file motions for summary judgment pursuant to Rule 56, FED.R.CIV.P., rather than motions for dismissal under Rule 12(b)(6).

Accordingly, it is hereby **ORDERED** that:

1.  The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2.  Defendant Bexar County Hospital District d/b/a University Health System's motion to dismiss pursuant to Rule 12(b)(6), filed April 7, 2015 (ECF no. 10), is **GRANTED in part such that Plaintiff's claims against this Defendant are DISMISSED WITHOUT PREJUDICE.**

3.  Defendant Bexar County's motion to dismiss pursuant to Rule 12(b)(6), filed May 6, 2015 (ECF no. 14), is **GRANTED in part such that Plaintiff's claims against this Defendant are DISMISSED WITHOUT PREJUDICE.**

4.  All other pending motions are **DISMISSED as moot.**

5.  The Clerk shall transmit a copy of the Memorandum Opinion and Order and the Final Judgment in this case to (1) the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler, Texas 75702, so this case may be recorded in the "Three-Strikes List" and (2) the TDCJ Office of General Counsel, P.O. Box 13084, Austin, Texas 78711.

**SIGNED this ___30th__ day of June, 2015, at San Antonio, Texas.**

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE